FREDERICK G. BAUMANN, PLAINTIFF-RESPONDENT, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October 26, 1934—Decided January 10, 1935.

For the appellant, *Frederic B. Scott.*

For the respondent, *Leonard G. Brown* and *Charles W. Weeks.*

The opinion of the court was delivered by

HETFIER, J. This is an action in tort for negligence. There was a verdict for plaintiff, and from the judgment entered thereon defendant appeals.

The first insistence of appellant is that there was error in the denial of its motion for the direction of a verdict. It can take nothing by this ground of appeal. The trial judge allowed at defendant's instance, a rule directing plaintiff to show cause why a new trial should not be had. Leave to reserve all exceptions was granted. Defendant assigned as reasons for a new trial (1) that the "verdict was contrary to the evidence;" (2) that it was "contrary to the weight of the evidence," and (3) that it was "contrary to the charge of the court." After argument, the rule was discharged, and it is recited in the formal order of discharge that these reasons were urged in support of the application for a new trial. Such being the case, the question now raised is *res adjudicata.*

It is the settled rule that the appellate court will not consider and decide any ground for reversal which was assigned as a reason for setting the verdict aside on rule to show cause; and that the point that the verdict is contrary to the weight of the evidence, if urged as a reason for a new trial, is necessarily embraced within the exceptions to the denial of motions to nonsuit and direct a verdict on the ground that there was no evidence tending to establish the cause of action pleaded. *Holler* v. *Ross,* 67 *N. J. L.* 60; *Brown* v. *Public Service Railway Co.,* 98 *Id.* 747; *Goekel* v. *Erie Railroad Co.,* 100 *Id.* 279; *Margolies* v. *Goldberg,* 101 *Id.* 75; *Catterall* v. *Otis Elevator Co.,* 103 *Id.* 381; *Cleaves* v. *Yeskel,* 104 *Id.* 497; *Molnar* v. *Hildebrecht Ice Cream Co.,* 110 *Id.* 246.

Counsel, in an attempt to avoid the consequences of this rule, insists that "defendant did not waive the pressing of the present grounds of appeal," and he points to the prefatory

statement, in the assignment of the reasons for a new trial, that defendant did not thereby concede "that the testimony—utterances—of the plaintiff's witness, George H. Grimsey, upon which this defendant conceives the plaintiff succeeded in having his cause submitted and presented to the jury * * *, amounted to, or was in legal contemplation, *legal testimony* [italics ours] entitling it to be submitted to and passed upon by the jury * * *." But this was not, expressly or impliedly, a reservation of the exception to the denial of the motion to direct a verdict, and, even though it were, it was abandoned by the subsequent insistence, before the trial judge on the application for a new trial, that the verdict was contrary to the weight of the evidence. It was beyond the power of defendant to reserve the privilege of taking these inconsistent positions. The party's intention is beside the point. He must abide the consequences of his action.

The next ground urged is that the trial judge erred "both in charging the jury and permitting it to consider the failure of the defendant to give a warning of the approach of its train to the station platform, wherein the trial court did not couple the same up with the protrusion of the poker on the tender of the locomotive over the station platform as it passed said station."

By the same token, defendant is precluded from raising this question on appeal. It is likewise *res adjudicata*. The application for a new trial, on the ground that the verdict was contrary to the charge of the court, was necessarily predicated upon the assumption that the charge was free from error, and defendant cannot take a contrary position here. A defeated party cannot, on rule to show cause, assert that the verdict was against the charge of the court, without affirming that the court was right and the jury wrong. And if he does not prevail there, he will not be permitted to reverse his position on appeal. *Cleaves* v. *Yeskel, supra; Molnar* v. *Hildebrecht Ice Cream Co., supra.*

Lastly, it is claimed that the trial judge, in the determination of the application for a new trial, "erred in refusing to

avail himself of the official transcript of the first trial of the cause." While this action is termed "arbitrary and illegal," no effort is made to demonstrate prejudicial error. Counsel is content to say there is a "presumption of harm." The point is frivolous.

Judgment affirmed.

*For affirmance*—The Chancellor, Chief Justice, Parker, Lloyd, Case, Bodine, Donges, Heher, Perskie, Van Buskirk, Kays, Hetfield, Dear, Wells, JJ. 14.

*For reversal*—None.